UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERTHA E. MILES,

       Plaintiff,

v.                                            Case No. 1:06-cv-391
                                           Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, through her attorney, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss or for summary judgment (docket no. 5). Defendant's motion is unopposed.

**Discussion**

Plaintiff filed a one-page complaint seeking judicial review of an adverse decision of the Commissioner with respect to her application for disability insurance benefits and supplemental security income. Defendant moves to dismiss plaintiff's complaint as untimely. "The determination that a complaint was filed outside of the applicable statute of limitations is a conclusion of law." *Tolbert v. State of Ohio Department of Transportation*, 172 F.3d 934, 938 (6th Cir. 1999). The court reviews such a claim pursuant to Fed. R. Civ. P.12(b)(6). "While the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a

claim upon which relief can be granted." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

"Three conditions must be satisfied to obtain judicial review under § 405(g): (1) a final decision of the Secretary after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Secretary may permit; (3) filing of the action in the appropriate district court." *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991). Section 405(g) provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

The regulations further explain that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

"[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The statute of limitations is not jurisdictional and is subject to the doctrine of equitable tolling. *Id.* at 478-80 (1986); *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005). While a claimant may seek to have the statute of limitations tolled, the Sixth Circuit has repeatedly emphasized that equitable tolling should be applied "sparingly." *Dunlap v. United States*, 250 F.3d 1001, 1008-9 (6th Cir. 2001) "Only in cases where the equities in favor of extending the 60-day filing period are so great

that deference to the agency's judgment would be inappropriate should the courts extend the time allowed for commencing a civil action." *Harveston v. Commissioner of Social Security*, No. 99-5832, 2000 WL 554087 at *2 (6th Cir. April 28, 2000).

Here, the administrative law judge issued an unfavorable decision on July 25, 2005. *See* Exh. B to complaint. The Appeals Council denied plaintiff's request for review in a notice dated March 29, 2006. *See* Exh. A to complaint. Plaintiff is presumed to have received this notice five days later on April 3, 2006. 20 C.F.R. § 422.210(c). Pursuant to § 405(g), plaintiff was required to file her civil action on or before June 2, 2006 (i.e., within 60 days after April 3, 2006). The record reflects that plaintiff filed her complaint on June 6, 2006. *See* docket no. 1. Plaintiff's complaint was untimely. She has not raised the issue of equitable tolling, or for that matter, filed any response in opposition to defendant's motion.

On its face, plaintiff's complaint is barred by the 60-day limitation as set forth in § 405(g). Accordingly, her complaint should be dismissed.

**Recommendation**

I respectfully recommend that defendant's motion to dismiss (docket no. 5) be **GRANTED**.

Dated: January 19, 2007           /s/ Hugh W. Brenneman, Jr.
                                  Hugh W. Brenneman, Jr.
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).